## Falls *versus* Reis.

1. An owner laid out streets through his land adjoining a city ; he opened Falls street east and west through his land parallel with the city streets and extended other streets through his land north to Falls street.   He devised lots north of Falls street, describing them as bounded by the streets extended to Falls, but not opened through the devised part of his land.   *Held*, that the devisees took to the middle of the streets although not extended or opened.

2. When a street is called for as a boundary, the middle is intended, unless the contrary plainly appear.

November 18th 1873.   Before READ, C. J., AGNEW, SHARS-WOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Lawrence county* : No. 173, to October and November Term 1873.

This was an action of ejectment, brought October 26th 1871, by Thomas H. Falls, for a strip of land 292 feet long, in the city of New Castle.   Both parties claimed under Thomas Falls, deceased.

The decedent for many years before his death was the owner of a piece of land adjoining New Castle on the north and afterwards included in it.   In his lifetime he had opened Falls street, running east and west through his land, parallel with the streets of the town, and about 100 feet north from the north line of the town, and had extended to Falls street, all the streets of the town running north and south.   Some of these had been opened through his property in his lifetime, but Mill street and East street, at the time of his death, extended no further north than Falls street. North of Falls street was the " Homestead " lot, and east of that lot was the " Hill " property.

By his will dated April 8th 1864, and proved October 21st 1865, he devised his lands in lots to his children and grandchildren, describing them as bounded by streets and alleys, some of which were and some were not opened.   Amongst other clauses in the will were the following :—

Item 2—" I give and bequeath unto my beloved wife Sarah Falls, during her natural life, the homestead where I now live, being about two acres of land in the borough of New Castle aforesaid, together with all the buildings and improvements thereon, bounded by Mill street, East street and Falls street.   Also I give unto my said wife, her heirs and assigns for ever, the north half of a lot in said New Castle, bounded on the west by Mill street, north by John Horner, east by an alley, and south by part of same lot with the buildings and appertenances.

Item 10—" I give and bequeath to my son Thomas H. Falls, his heirs and assigns, my homestead property in New Castle, containing about two acres, with the buildings and improvements thereon, being the same property herein bequeathed to my wife

[Falls *v.* Reis.]

during her natural life, he to get possession of the same at the death of my said wife. Also a corn crib and wagon-house on the street leading from Mercer street to my residence, together with the land on which they stand.

"And I hereby direct and order that my executors hereinafter named, do sell, at public or private sale, as they may deem best, my real property, known as the Hill property, in said borough of New Castle, bounded east by George Henderson, north by Joseph Falls, west by my homestead, and south by road, containing about one and a half acres, and divide the proceeds of the sale thereof equally among my following-named grandchildren," &c.

The Homestead and Hill property were used together by the testator in his lifetime. There was a fence along part of the division.

Neither the part of Mill street, nor the alley described as bounding the half lot devised to his wife, was opened, nor was the street mentioned in the devise to the plaintiff as leading from Mercer street to the corn-crib.

The strip claimed in this ejectment is the western half of East street, if it were extended north of Falls street.

The following sketch may elucidate the case:

Under the power in the will the executors sold the Hill property; the defendant claims under the purchaser. The widow of the testator died in 1870.

·The case was tried April 3d 1873, before Lowrie, P. J., of the Thirtieth District, when the plaintiff gave the foregoing facts in evidence; and also an extended plot of the property of the testator as laid out by him, and a map of the city of New Castle.

Upon this evidence the court directed a nonsuit. This was

assigned for error by the plaintiff on the removal of the record to the Supreme Court by writ of error.

*J. McMichael* and *Dana & Long*, for plaintiff in error.—When a street is called for as a boundary the middle thread is always intended : 2 Wash. on Real Property 680 ; Cox v. Freedly, 9 Casey 124 ; Paul v. Carver, 12 Harris 207.   The testator intended that East street should be extended as a street.

*D. B. & E. T. Kurtz*, for defendant in error.

The opinion of the court was delivered, January 10th 1874, by AGNEW, J.—The question in this case is upon the interpretation of the will of Thomas Falls, and depends on his intention to make his devises conform to the extension of certain streets of the city of New Castle into his property adjoining the city.   The plaintiff, one of the devisees, brought ejectment for the western half of East street, as extended in a right line through the testator's property, claiming under the will to the middle line of East street as the boundary line of the Homestead lot devised to him.    That Thomas Falls intended to adopt the streets of New Castle when extended into his property, and make them the boundaries of many of the devised properties, is very plain.   He owned a long piece of ground about four hundred and forty feet wide, and extending nearly the entire length of New Castle from east to west, on part of which he had laid out lots corresponding to the streets of New Castle, and extended them into this part.   A portion of the map given in evidence is set out in the paper-book, and from it we discover that beside the Homestead four other parcels are bounded in the will by streets by name which have not been extended in fact into the property.   These are devised to H. E. Falls, I. S. Falls, S. Dana and Fanny Falls.   There are other devised lots bounded by streets by name, and standing evidently in a similar relation to the town plat, but which, from the want of the full map, we cannot identify so readily as those mentioned.   Twenty-one parcels are so described, making the presumption a violent one that Thomas Falls, in making his will, intended that the divisions of his property should correspond to the streets of New Castle, when they should be extended, believing what was evident to the mind of every one, that his property must necessarily fall into the town, and that it was better he should make it conform at once in its division, to the town plat.

The Homestead lot devised to his wife for life, and then to the plaintiff in fee, he bounds expressly by Mill street, East street and Falls street.   The defendant claims the lot known as the Hill lot, sold by the executors under a power in the will.   This Hill lot is bounded expressly by the Homestead on the west.   Its western

[Falls *v.* Reis.]

boundary depends therefore on the line where the eastern boundary of the Homestead lot shall be found to be.   The testator bounds the Homestead by East street, so that the middle line of East street becomes the western boundary of the Hill lot, according to the well-known rule that when a street is called for as a boundary, the middle line of the street is always intended, unless the contrary plainly appear.   It was an error to direct a nonsuit.

Judgment reversed, and a *procedendo* awarded.