## Firmstone et al., Executors, Appellants, v. Spaeter.

*Deed to lands bounded by public roads.*

Where a street or road is called for as a boundary in a contract for the sale of land, the middle line of the street is always intended unless the contrary plainly appears; and a purchaser who agrees to buy a certain tract of land at a certain price per acre, the same to be surveyed, is bound to pay at that price for the parts of the beds of boundary roads included within the lines of the tract so described.

Argued April 5, 1892. Appeal, No. 220, Jan. T., 1892, by plaintiffs, Frank Firmstone et al., executors of Susan Kimber, deceased, from order of C. P. No. 4, Phila. Co., June T., 1891, No. 865, discharging rule for judgment for want of a sufficient affidavit of defence, by Philip Spaeter. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit to recover purchase money of land.

From the statement and affidavit of defence it appeared that plaintiffs and defendants entered into written articles of agreement whereby the former agreed to sell and the latter to buy, at the price of $1,410 per acre, "all that certain messuage or tenement and tract of land situate in the borough of Jenkintown, bounded by . . . . Walnut Lane and Greenwood Avenue, containing forty-one acres, more or less, (the same to be surveyed) together with the appurtenances thereto belonging." Surveys of the tract were made by the direction of the plaintiffs and defendants separately. Plaintiffs' surveyor included in his measurement the ground included between the margin and centre line of the two public highways mentioned in the contract. Defendants' surveyor measured by the margins of the highways, excluding the ground occupied by them. The difference in the two measurements was nearly one and three quarters acres, and the corresponding difference in price was about $2,400.

The court, in an opinion by WILLSON, J., discharged the rule for judgment. Plaintiffs appealed.

*Error assigned* was the order of the court as above.

*Bernard Gilpin, Anthony Swain* with him, for appellants.— The vendee is supposed to have estimated the advantages of the roads in adjusting the price: Wilson v. Cochran, 46 Pa. 229; Peterson v. Arthurs, 9 Watts, 152; Peck v. Jones, 70 Pa. 83; Memmert v. McKeen, 112 Pa. 315; Peck v. Smith, 1 Conn. 103; Kutz v. McCune, 22 Wis. 598. In Pennsylvania, the boundary line is the centre line of the street: Paul v. Carver, 26 Pa. 223; Falls v. Reis, 74 Pa. 439; Paull v. Lewis, 4 Watts, 402. A road is not an "encumbrance:" Peterson v. Arthurs, 9 Watts, 152.

*Charles Davis, Matthew Dittmann* with him, for appellee, cited: Paul v. Carver, 26 Pa. 225; Pa. Canal Co. v. Dunkel, 101 Pa. 103; Andrews v. Bell, 56 Pa. 343; Stover v. Jack, 60 Pa. 339; Kopf v. Utter, 101 Pa. 27; Mitchell, Conveyancing, 266.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

This is an action to recover the price of a tract of land sold by the acre. In the agreement of sale the land is described as

" situate in the borough of Jenkintown bounded by the lands of R. J. Dobbins, Isaac Mather and Edward Stotesbury and Walnut Lane and Greenwood Avenue, containing forty-one acres more or less " and it is provided therein that the same shall be surveyed. The only dispute between the parties re lates to the location of the boundary line along Walnut Lane and Greenwood Avenue. These are public streets and the appellant contends that the line is in the centre while the appellee insists that it is on the side of them. The liability of the latter to pay the former at the rate stipulated for the acreage included within the true boundary lines is not denied nor can it successfully be in view of the unambiguous terms of their contract. Where then is the boundary line of the tract along the streets mentioned? In 2 Am. & Eng. Ency. of Law, 507, the rule on this subject is stated thus : " Where land is bound- ed by a highway or street the location of the boundary line will in the first place depend upon the character of the public right to the road or street. If the state or municipality owns the bed of the road the boundary line of the abutting land is the nearer edge of the roadway. But if the public only have a right of way over the land not a title to the soil, then the location of the boundary line depends upon the intention of the grantor as manifested by the language of the deed, and the same rules of construction apply as are found in practical use in the case of non-navigable streams. If the land is described as ' bounded on,' ' running along ' the highway and the like, the boundary line is the centre of the highway, although the dimensions of the lot would exclude the highway ; and in all cases of doubt the presumption is always in favor of the boundary being in the centre of the road." This is the rule laid down in 2 Washburn on Real Property, p. 680, and in numerous decisions of this court, among which we may mention Paul v. Carver, 26 Pa. 223 ; Cox v. Frendley, 33 Pa. 124 ; and Falls v. Reis, 74 Pa. 439. In the case last cited, Agnew, J., delivering the opinion of the court, said that " where a street is called for as a boundary the middle line of the street is always intended unless the contrary plainly appears." Applying this rule to the present case it is clear that where the tract is bounded by the streets the line is in the centre of them, and it is equally clear that the survey called for by the agree-

ment mu°t be in conformity with it.   It is the true boundary
line and it cannot be changed without the mutual consent of the
parties.   The vendor must make a deed and the vendee must
pay in accordance with it.   There is no room in their contract
nor just foundation in the surrounding circumstances for an
inference that the parties intended in calculating the acreage
to be paid for to exclude any portion of the land lying within
the boundaries they established.   These, as we have seen, in-
clude a portion of Walnut Lane and Greenwood Avenue over
which the public have a right of way.   It is probable that in
fixing the price per acre, the boundaries of the property, the
effect of the street upon it, and all matters which increased or
diminished its value were considered and allowed their proper
influence.   They sustain the same relation to the purchase of
a tract of land by the acre as to a purchase of it for a gross
sum.   In either case they are elements which enter into and
affect the price to be paid for it.   A sale by the acre of a tract
of land having one of its boundaries in the centre of a public
street is not unusual, nor is there anything in it to reasonably
lead to a belief that injustice will be done by the enforcement
of the contract according to its terms.   In such case the acre-
age must be ascertained by a survey in accordance with the
boundaries called for, and the fair and just conclusion is that
in fixing the price per acre the public easement and other mat-
ters affecting the value of the property received such consider-
ation as they were entitled to.   It follows from these views
that the learned court below erred in refusing judgment for
the amount of the appellant's claim.

The judgment is reversed, and it is ordered that the record
be remitted to the court below with direction to enter judg-
ment against the defendant for such sum as to right and jus-
tice may belong, unless other legal or equitable cause be shown
why such judgment should not be entered.