# Mary Ann Wenger *v.* John Rohrer, Henry Biemesderfer, T. H. Hershey and E. K. Strickler, Appellants.

*Master and servant—Trespass—Respondeat superior.*

Where an action of trespass is brought against the servants of a turnpike company for work done in the service of the company, and there is nothing to indicate a wanton or malicious design to injure the plaintiff, the case is one where the doctrine of respondeat superior applies, and the company for whose benefit the work was done should be included as a defendant.

*Highway—Long continued use—Presumption of right—Laches.*

As against a private person, a long continued occupancy of a public highway for a public use, or for a private use not inconsistent with the public use, will be presumed to have been of right.

Ratification by municipal authorities as well as previous permission will be presumed as against a private citizen from long continued occupation of a public road by a turnpike company. Laches will be imputed to a citizen after nine years of such occupation.

*Turnpikes—Authority over the road—Drainage.*

Where a turnpike road had been substituted for a township road, the turnpike company succeeded to the authority of the supervisors as to the manner of its maintenance, including the method of drainage. The pub-

lic use is paramount, and any private use must be in strict subordination to it.  It follows that a turnpike company has the right to construct and maintain such a gutter for drainage as it may determine on.

While the abutting owner of the fee may construct a private drain, yet if such drain cannot be maintained without interference with the method of drainage adopted by the turnpike company, it may be abated.

Argued, Nov. 13, 1896.  Appeal, No. 142, Nov. T., 1896, by defendants, from judgment of C. P. Lancaster Co., Dec. T., 1893, No. 12, on verdict for plaintiff.  Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.  Reversed.

Trespass for injury to plaintiff's drain.  Before LIVINGSTON, P. J.

It appeared from the evidence that plaintiff was the owner of a lot or piece of ground fronting on the Manheim & Sporting Hill Turnpike.  For many years an artificial drain constructed by the plaintiff and located on the turnpike road has been used to conduct the drainage from plaintiff's land.  In 1883 the Manheim & Sporting Hill Turnpike Company laid out a turnpike, building same in part along a public road which ran in front of premises of the plaintiff.  There was a question whether the turnpike company had authority from the township to construct its pike along said public road.  The evidence, however, was that it had done so and had used the road from 1883 without objection either from the township or private individuals until the day that this suit was brought, November 21, 1893.

It was alleged that defendants' servants and employees of the turnpike company had unlawfully constructed an open gutter for the purpose of draining the turnpike on the top of the plaintiff's culvert or drain, whereby the drainage of her lot had been interfered with and her culvert destroyed and choked up.

The plaintiff submitted the following point:

As the undisputed evidence shows that the Manheim and Sporting Hill Turnpike Company, under which the defendants justify their action, was incorporated under the act of April 29, 1874, P. L. 73, for the purpose, as shown by its application, of building a turnpike road from the corner of Charlotte and High streets, in the Borough of Manheim, to Erisman's tenant house, on the road leading from Manheim to Mount Joy, and that from

its beginning it is constructed and laid out eastward upon a public road long previously used as such, and is so constructed for more than a mile, the plaintiff's lands being about the middle of the turnpike so made, the said turnpike company had no authority to occupy the public road in front of the plaintiff's premises, and the verdict must be for the plaintiff for such injury as she has sustained from the defendants. *Answer:* Affirmed.

The defendants submitted the following point:

Under the law and evidence in this case, the verdict must be in favor of the defendants. *Answer:* Refused.

The court directed a verdict for the plaintiff, with nominal damages of $1.00. Defendants appealed.

*Errors assigned* were (1) affirming plaintiff's point, reciting same; (2) directing a verdict for the plaintiff; (3) refusal of defendants' point.

*N. Franklin Hall*, and *J. Hay Brown*, with them *W. U. Hensel*, for appellants.—The court had no jurisdiction in this proceeding to test the turnpike's right to the road. The private citizen had his day in court when the gates were about to be erected,. and could have applied for an injunction as was done in Groff's Appeal, 128 Pa. 621.

The turnpike company is protected in its occupation of the road by long acquiescence in user by them: Com. v. Turnpike Co., 153 Pa. 47.

*George Nauman*, with him *D. McMullen* and *Wm. R. Brinton*, for appellee.—A conveyance of land bounded by the side of a street or road, gives the grantee a title to the center of it, if the grantor had title to that extent: Firmstone v. Spaeter, 150 Pa. 616.

The plaintiff had the right to lay his drain on the highway: Perley v. Chandler, 6 Mass. 453 ; Woodring v. Forks Twp., 28 Pa. 355; Turnpike v. Steam Co., 5 C. C. R. 344; Chestnut Hill Tpk. Co. v. Piper, 15 W. N. C. 55.

OPINION BY SMITH, J., February 16, 1897 :

The act which the plaintiff complains of was performed by

the defendants as servants of a turnpike company, which, with color of title, held undisputed possession of the locus in quo, for a public use. Their act was by authority of the corporation, and within the apparent scope of its corporate powers. There was nothing to indicate a wanton or malicious design to injure the plaintiff. We think, therefore, that the case is one to which the doctrine of respondeat superior applies, and that under the circumstances the corporation for whose benefit the work was done should also have been sued, if the act complained of was wrongful and injurious to the plaintiff.

But even were the action against the corporation as well as the defendants, it is clear that under the evidence it could not be sustained.

The basis of the plaintiff's claim is the contention that a public road " has been wrongfully and illegally appropriated and converted into a toll road " by the turnpike company; and the operations of the company on this road form the ground of action. This appropriation was commenced in 1883, and became complete November 1, 1884. It continued unquestioned until this suit was brought, November 21, 1893. As against a private person, a long continued occupancy of a public highway for a public use, or for a private use not inconsistent with the public use, will be presumed to have been of right: Canal Co. v. Goldstein, 125 Pa. 246; Potter v. Traction Co., 176 Pa. 271. In the latter case it was said by Mr. Justice MITCHELL: " Whether the consent of the borough was necessary or not, it must be presumed in this action by a private citizen. Consent may be by ratification as well as by previous permission, and it was held in Pa. Schuylkill Valley R. R. Co. v. Phila. & Reading R. R. Co., 160 Pa. 277, that at least as to private parties, if not as to the municipality itself, consent may be waived by acquiescence without objection, in a long continued act." There is still further ground on which the right here claimed by the turnpike company may be maintained. Granting that the company was not authorized by its charter to occupy a public road, and that at the outset it might have been restrained from doing so (Groff's Appeal, 128 Pa. 621), it has since acquired rights that cannot now be questioned. Laying its route on a public highway, it made the expenditure necessary for converting this into a turnpike road. The conversion was made, and the turn-

pike road approved as required by the statute, with the acquiescence of the road authorities of the township, and of its citizens, including this plaintiff; and for nine years afterward the road was maintained by the turnpike company with the like acquiescence. These undisputed facts bring the case clearly within the principle laid down in Com. v. Turnpike Co., 153 Pa. 47. There, under a decree of the common pleas amending its charter, a turnpike company extended its road upon a public highway. Upon a writ of quo warranto, issued five years later, it was held that both private persons and the commonwealth were barred by laches from questioning the right of the company to maintain this extension of its road.

The turnpike road being thus substituted for the township road, the turnpike company succeeded to the authority of the supervisors as to the manner of its maintenance, including the method of drainage. If the company decided on a surface gutter, no private use of any part of the roadway can be allowed to interfere with it. The plaintiff's use was a private use. We need not now consider the plaintiff's rights as owner of the fee, for it does not appear in evidence that she owned the fee. In the declaration, the plaintiff's land is described as " fronting on the public road " maintained by the turnpike company, and the appellee's counter statement sets forth that it " fronts for about one hundred feet on the road." We cannot assume a point which is neither proved nor asserted. True, "a conveyance of lands bounded on a highway gives the grantee a title to the middle of the road, if the grantor himself had title to it, and did not expressly or by clear implication reserve it: " Carver v. Paul, 24 Pa. 207; and a conveyance of land bounded on the side of a street has a like effect: Firmstone v. Spaeter, 150 Pa. 616. But as the conveyances under which the plaintiff claims are not printed in either paper-book, we cannot determine their effect. Not unfrequently, roads along property lines are laid out wholly on the land of one owner to save the cost of moving line fences. It does not appear on whose land this road was laid, and it is not shown that the plaintiff's grantor had title to any part of it. Conceding, however, the plaintiff's title to the fee, it gives her no right to interfere with the maintenance of the road and its accessories in the manner adopted by the turnpike company. The public use is paramount, and any private

use must be in strict subordination to it : Turnpike Co. v. Piper, 15 W. N. C. 55. It follows that the turnpike company had the right to construct and maintain such a gutter for drainage as it might determine on. We do not say that the plaintiff, if owner of the fee, may not construct a private drain; but if this cannot be maintained without interference with the method of drainage adopted by the turnpike company, it must go. It is not necessary here to consider the liability that might arise from a wanton or malicious destruction, by the turnpike company or its agents, of a private construction that does not interfere with the proper maintenance of the road. It is sufficient for the purposes of this case to say that the company is not bound to maintain its road in such a manner as to preserve the drain constructed by the plaintiff.

As no right of action has been shown the judgment is reversed.