**May v. Petrizzo**

C.P. of Monroe County, no. 2607 Civil 2009.

*Marshall F. Anders,* for plaintiffs.
*Cletus P. Lyman,* for defendant.

O'BRIEN, *S.J.,* July 23, 2010—

## I. FINDINGS OF FACT

(1) Fred R. May and Adelaide F. May took title to a parcel of land approximating 12 acres in the Township of Middle Smithfield, County of Monroe and State of Pennsylvania by virtue of a deed dated January 6, 1956, from Daniel E. Marvin et ux. and recorded in the Office for the Recording of Deeds in and for Monroe County, Pennsylvania in Deed Book 219, Page 442. Following the death of Fred R. May and Adelaide F. May, the remainder of the premises was conveyed by their surviving children as executors of their estate to the plaintiffs in this proceeding. The boundary line of tract one in the above-referenced deed is referenced as, "and along and in the old Milford Road" which is now known as Township Road 542.

(2) On January 4, 1973, John Petrizzo and Mary Ann Petrizzo, parents of the defendant in this proceeding took title to an approximate six acre parcel of land situate in the Township of Middle Smithfield, County of Monroe and State of Pennsylvania by virtue of a deed from Theodore B. Regina, et ux. recorded in the Office for the Recording of Deeds in and for Monroe County, Pennsylvania in Deed Book 444, Page 64. Subsequently, the

premises was conveyed to their son, the defendant. The description references as a boundary line, "a point in the centerline of Township Route No. 542."

(3) During the year 1990, acting independently, both Adelaide F. May and John F. Petrizzo engaged registered surveyor, Frank J. Smith Jr., to perform survey work and prepare plans for different purposes. Frank J. Smith Jr. is an experienced and well-respected surveyor in the Middle Smithfield Township area whom both Adelaide F. May and John F. Petrizzo chose for their professional work in 1990.

(4) On March 14, 1990, Adelaide F. May certified a subdivision plan prepared by Frank J. Smith Jr. of the land described in deed book 219, page 442 for the purpose of conveying a part thereof to one of her children. The plan showed the boundary line between the May and Petrizzo properties within Township Route 542. The plan was approved by the governing bodies of Middle Smithfield Township and recorded of record.

(5) On October 17, 1990, John F. Petrizzo Sr. certified a land development plan prepared by Frank J. Smith Jr. for the premises described in deed book 444, page 64, which depicted the boundary between the Petrizzo and May premises within Township Route 542. The plan was approved by the governing bodies of Middle Smithfield Township.

(6) After several years of sporadic confrontations between plaintiff, M. Fred May, and Defendant, John F. Petrizzo Jr., the plaintiffs filed a complaint on March 19, 2009, claiming title to approximately 6400 square feet, most of which lie in the Township right-of-way, but a

minute portion of 839 square feet being part of the Petrizzo tract on the north side of Township Route 542.

## II. DISCUSSION

The genesis of the current proceeding is an action docketed in this court by *John F. Petrizzo Jr. v. Michael Fred May,* at no. 4990 Civil 2002 and 2815 Civil 2003. That proceeding was a tort action in which Petrizzo sought damages from May for, inter alia, interference with contractual relations to sell the Petrizzo premises to a developer. In October, 2008, a jury rendered a verdict in favor of John F. Petrizzo Jr. and against Michael Fred May, et al., in the amount of $125,000. Following denial of post-trial motions on May 21, 2009, the May defendants filed an appeal with the Superior Court of Pennsylvania. That appeal is still pending.

On March 19, 2009, M. Fred May, Debra J. May Rawding and Cindi May Conley, commenced an action to quiet title against John F. Petrizzo Jr. Following preliminary objections and the filing of an amended complaint, the defendant filed an answer and new matter. The plaintiffs filed a reply to new matter. The issue in the proceeding is the ownership of an 839 square foot piece of land on the north side of the Township Route 542, which plaintiffs contend they own, and defendant contends that it remains part of his larger parcel of land. Trial of the proceeding was held before this court, sitting without a jury, in accordance with the provisions of Pa.R.C.P. 1067 on July 15 and 16, 2010. Both sides presented the testimony of professional surveyors, independently engaged by them following commencement of the prior litigation between the parties, who testified

as to varying interpretations of surveys performed by them. The plaintiffs' surveyor testified that indeed the plaintiffs do own the 839 square foot parcel of land which is part of the Petrizzo tract on the north side of Township Route 542. The defendant's surveyor testified that the boundary line between the parties' land is the centerline of Township Route 542 and, therefore, the plaintiffs' claim is without merit. While both surveyors were well qualified to express their opinions, both opinions were somewhat discredited during cross-examination by opposing counsel.

However, we need not choose between the expert surveyors retained for purposes of litigation, because there is a third surveyor who gave very credible testimony. Frank J. Smith Jr. was engaged independently by the predecessors in title of both parties in 1990 to perform survey work and prepare subdivision and land development plans. In both these plans prepared separately and approved by the predecessors in title of the present parties, Frank J. Smith Jr. found the boundary line between the parties' premises to be within Township Route 542. This survey work was done long before the neighborhood dispute arose between the parties at the bar. No one challenged its accuracy and the predecessors of the present parties certified that the boundary line and the maps submitted to the township for approval were correct. Therefore, we conclude that the most credible opinion presented at trial was that of Frank J. Smith Jr. and we accept his demarcation of the boundary line between the parties as being within Township Route 542.

In addition, there is ample legal authority to support this conclusion. When a boundary is described as along a road, the boundary is the center line of the road. *Firm-*

*stone v. Spaeter,* 150 Pa. 616 (1892). "If the land is described as 'bounded on,' 'running along' the highway and the like, the boundary line is the centre of the highway, although the dimensions of the lot would exclude the highway; and in all cases of doubt the presumption is always in favor of the boundary being in the centre of the road."

"Where a street is called for as a boundary the middle line of the street is always intended unless the contrary plainly appears." *Firmstone,* holding it "is clear that where the tract is bounded by the streets, the line is in the centre of them, and it is equally clear that the survey called for by the agreement must be in conformity with it."

While this is ancient precedent by the Supreme Court of Pennsylvania, neither party has offered any more recent authority to contradict the aforesaid holding. More recently in *Fleck v. Universal-Cyclops Steel Corporation,* 397 Pa. 648, 156 A.2d 832 (1959), the court held that it is well-settled that a grant of land bounded by or abutting on a public highway is presumed to carry the fee to the center line of such highway or easement.

In an action to quiet title, plaintiffs have the burden of proof by establishing the accuracy and strength of their own title. *Albert v. Lehigh Coal and Navigation Company,* 431 Pa. 600, 246 A.2d 840 (1968). In this proceeding, the plaintiffs have failed to meet their burden.

## III. CONCLUSIONS OF LAW

(1) The boundary line between the premises owned by the plaintiffs and the defendant is within Township Road 542, as depicted on the subdivision plan prepared

40

by Frank Smith Jr. and approved by Adelaide F. May on March 14, 1990; approved by the Planning Commission of Middle Smithfield Township and the Board of Supervisors of Middle Smithfield Township and recorded in the Office of the Recorder of Deeds in and for Monroe County, Pennsylvania.

(2) Plaintiffs have failed to meet their burden of proof.

## VERDICT

And now, July 23, 2010, the court finds in favor of the defendant, John F. Petrizzo Jr. and against the plaintiffs, M. Fred May, Debra J. May-Rawding and Cindi May Conley, with costs assessed against the plaintiffs.