## MacKubbin, Appellant, v. Rosedale Memorial Park, Inc.

Argued January 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*F. C. Fiechter, Jr.,* for appellant.

*Joseph J. Cohen,* with him *Liederbach and Eimer,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 17, 1964:

This is an appeal from the order entered below sustaining preliminary objections to appellant's complaint.

Appellant brought this action pursuant to Rule 1061 of our procedural rules to quiet title to certain burial lots. It appears from the complaint that appellant's assignors had acquired sepulcher rights to various lots located in Evergreen Memorial Park Association (Evergreen). In January, 1954, Evergreen exchanged deed No. 1552 for the previously issued deeds in order to provide a contiguous burial area. The new deed conveyed rights to lots in the "Clark Section" of the cemetery. Evergreen subsequently became bankrupt and its land is now owned by two of the defendants, Rosedale Memorial Park, Inc. (Rosedale), and King David Cemetery, Inc. (King David).

Appellant admits in his complaint that he is unable to determine the present location of the burial lots in issue since there is no cemetery area known as the

"Clark Section". Nevertheless, he prays for a judicial decree of his exclusive right to the lots described in deed No. 1552, or, alternatively, in the deeds exchanged therefor. Rosedale and King David maintain that the tract in issue is not located on their premises; defendant, Thomas A. Morris, suggests that Evergreen in deed No. 1552 mistakenly conveyed lots which it did not own.

In the court below, Rosedale by preliminary objection contended (1) that the complaint failed to sufficiently describe the land in question; and (2) that the complaint was not cognizable as an action to quiet title under Rule 1061. The lower court sustained both of these objections with leave to amend the complaint. Instead of attempting to conform to the court's order, appellant took this appeal. We hold that the court below correctly ruled in this matter.

With regard to the first preliminary objection, Rule 1065 provides that a complaint in an action to quiet title must describe the land in question.[1] As noted above, appellant admits that he is unable to locate or describe the burial lots in issue. Indeed, it seems that one of the purposes of this suit is to discover such information. Hence we agree with the court below that appellant has failed to comply with Rule 1065.

Turning to the second preliminary objection, we find that appellant has confused an action at law to quiet title under Rule 1061 with a complaint in equity. In *White v. Young,* 409 Pa. 562, 186 A. 2d 919 (1963), a complaint in equity was brought to quiet title to a leasehold and to remove some drilling equipment. Defendant contended that an adequate remedy existed at law under Rule 1061. In rejecting this argument, we observed that the action at law to quiet title under

---

[1] *"Specific Averments*

"The plaintiff shall describe the land in his complaint." Pa. R. C. P. 1065.

Rule 1061 does not *completely* displace general equity jurisdiction. We pointed out that equitable relief is available under Rule 1061 only as specifically enumerated therein.[2] Since the drilling equipment could not be removed under Rule 1061, we held that equity had jurisdiction to quiet title to the leasehold.

In the instant case, it appears that appellant in order to prevail must obtain, inter alia, the reformation of the above-mentioned deeds. This equitable remedy is not available under Rule 1061. Thus the court below properly concluded that appellant's complaint was not cognizable as an action at law to quiet title.

Accordingly, the order entered below is affirmed.

Order affirmed.

---

[2] As the commentary to Rule 1061 states, "[i]t is only within the strict coverage of the definition of the action that a claim of consolidation of law and equity can be advanced." I Goodrich-Amram, §1061(b)-5, p. 32.