## McDivitt's Pharmacy, Inc. v. Mi-Law of Roosevelt, Inc.

*William T. Coleman, Jr.*, and *Stuart H. Savett*, for plaintiff.

*Michael H. Egnal*, for defendants.

GRIFFITHS, J., July 26, 1967.—Plaintiff seeks a preliminary injunction ordering defendants to vacate premises 2700-04 Germantown Avenue and 1005 West Lehigh Avenue, otherwise designated as the northwest corner of Germantown and Lehigh Avenues, Philadelphia, Pa.

The basis of plaintiff's suit is that it is the lessee of the premises for a term of 10 years from July 1, 1967, and that the corporate defendant's six-month lease expired on June 30, 1967, defendant now holding-over possession. Plaintiff's lease was executed on February 6, 1967, by the then owner. Ownership of the premises has since passed to others, who appear to be uncooperative with plaintiff, although there is no question the present owner purchased the premises subject to the then existing lease with plaintiff.

The lease to plaintiff provided, inter alia:

"If Lessor is unable to give Lessee possession of the demised premises, as herein provided, by reason of the holding over of a previous occupant, or by reason of any cause beyond the control of the Lessor, the Lessor shall not be liable in damages to the Lessee therefor, and during the period that the Lessor is unable to give possession, all rights and remedies of both parties hereunder shall be suspended".

Testimony taken on the application for preliminary injunction disclosed that plaintiff never had possession of the premises, but has demanded same from defendants, which has been refused. The testimony also disclosed that plaintiff, prior to the lease agreement, purchased a warehouse in the general area, in anticipation of operating the premises in question, although plaintiff has 12 other stores in New Jersey and Eastern Pennsylvania, supplied by the same warehouse.

Plaintiff started suit by a writ of foreign attachment, the corporate defendant being a Delaware corporation. Service of the writ was made on the corporate defendant's store manager on the premises.

Defendants have filed preliminary objections primarily raising the question of equitable jurisdiction. Two days later, on the day of hearing, defendants filed a petition raising a question of jurisdiction, relating to the attachment resulting from service of the writ of foreign attachment. To this petition of defendants, plaintiff has filed preliminary objections and an answer, including new matter.

## RE THE NATURE OF THE PLEADINGS

The primary thesis of plaintiff's preliminary objections to defendant's petition raising the question of jurisdiction is that, under Pennsylvania Rule of Civil Procedure 1271, this must be raised by preliminary

objection and not by petition, and that it is a pleading not provided for by or in the rules of civil procedure. Cf. Rule 1017(a). Plaintiff further contends that under Pa. R. C. P. 1028(b) all preliminary objections must be raised at one time. A literal interpretation of these rules would tend to sustain plaintiff's position. We cannot be unmindful, however, of Pa. R. C. P. 126, providing as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties".

While the petition raising the question of jurisdiction was filed two days after defendants' preliminary objections were filed, both were argued at the same time. For the court to treat this petition as a preliminary objection would follow the spirit of Pa. R. C. P. 126 in disregarding an error or defect of procedure which does not affect the substantial rights of the parties, in order to meet the ends of justice.

Accordingly, the court will overrule plaintiff's preliminary objections, answer and new matter to defendants' petition raising a question of jurisdiction, and the court will treat defendants' said petition as an additional preliminary objection of defendants.

### Re Foreign Attachment

Coming, then, to the question raised by this preliminary objection of defendant, we have the ultimate question whether defendant's store manager, in custody or possession of defendant's goods as defendant's employe, can properly be a garnishee in foreign attachment. Pa. R. C. P. 1258(b), relating to attachment of personal property in foreign attachment procedure, states:

"If no one is found in actual possession the sheriff shall attach the property by manual seizure".

This, the sheriff could not do, as someone was in actual possession of defendant's property, namely, defendant's employe.

The question, therefore, is whether "any person" in Pa. R. C. P. 1253, who may be a garnishee, includes defendant's employe at defendant's place of business. Goodrich-Amram, §1253-4, in commenting on this rule, say:

"As a general rule the defendant in a foreign attachment proceeding may not also be the garnishee. The words 'any person' in the Rule cannot be so extended, for it would needlessly complicate the proceedings and serve no useful purpose . . . "

There is a maxim in the common law, "He who does a thing by another does it by himself" (Nam qui facit per alium, facit per se).

It is our interpretation of Pa. R. C. P. 1253 that it does not permit garnishment of goods held by defendant's employe at defendant's place of business, such being the same as making defendant the garnishee, which we believe is not within the purview of the rule.

Inasmuch as the corporate defendant has been effectively served with a copy of the complaint, the action will proceed, although we find it in accordance with law to dissolve the foreign attachment of defendant's property located on the premises in question.

## RE EQUITABLE JURISDICTION

Defendants' preliminary objections go to the jurisdiction of equity to give a lessee, who has never been in possession, specific performance of its lease by dispossessing a hold-over tenant.

It appears to us to be the law, and both counsel seem to agree, that a lease in itself vests no estate in a lessee, but only gives him a right of entry, and not until he has lawfully entered or acquired his grant

by reducing it to possession, may he, if ousted, bring an action of ejectment. Cf. Dime Bank and Trust Company of Pittson v. Walsh, 143 Pa. Superior Ct. 189 (1940) ; Barnsdall v. Bradford Gas Co., 225 Pa. 338, 345 (1909) ; Sheaffer v. Baeringer, 346 Pa. 32 (1943) ; Taylor v. Kaufhold, 368 Pa. 538, 543 (1951).

Plaintiff cites the case of Sun Oil Company v. Merlino, 3 D. &. C. 2d 94 (1954), as authority for equitable jurisdiction. The court in that case did allow that equity had jurisdiction, in refusing a motion to dismiss the suit in equity where a lessee had not acquired possession. A distinction might be made that in that case the lease contained an option to purchase and plaintiff had expended substantial sums in improving the property in preparation for occupancy, neither of which exists here. Plaintiff's acquiring a warehouse, prior to the execution of the lease, in anticipation, certainly is not an expenditure in improving the premises in question.

We note that the Sun Oil case, as well as counsel now appearing before us, did not take cognizance of the rules of civil procedure relating to actions to quiet title, which became effective January 1, 1947. Rule 1061 provides in (b) (2) that the action may be brought "where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land".

Our research has disclosed a case which we believe in point. In Brennan v. Shore Brothers Inc., 380 Pa. 283 (1955), the law relative to applicability to this action was set forth in detail and we will not repeat it here.

Inasmuch as plaintiff herein has an adequate remedy at law, under Pa. R. C. P. 1061, equity has no jurisdiction, and the action should be transferred to the law side of the court. Because of the exigencies appearing

to us, after two days of testimony, we believe it proper to allow plaintiff a special listing for trial.

Equity not having jurisdiction, the rule to show cause why a preliminary injunction should not be granted becomes moot.

### DECREE

And now, July 26, 1967, it is ordered and decreed as follows:

1. Plaintiff's preliminary objections, answer and new matter to defendant's petition raising a question of jurisdiction are overruled, and the court treats defendant's said petition as an additional preliminary objection of defendant;

2. Defendants' said preliminary objection raising the question of jurisdiction regarding the writ of foreign attachment is sustained and the attachment of defendant's property at 2700-04 Germantown Avenue, 1005 West Lehigh Avenue, Philadelphia, Pa., is hereby dissolved; the action to proceed, the complaint having been served;

3. Defendants' preliminary objection raising the question of equitable jurisdiction is sustained; the action is transferred to the law side of the court as an action to quiet title; defendants are granted leave to file answers to the complaint within 20 days from the date hereof; and

4. The rule to show cause why a preliminary injunction should not be granted is discharged, as moot.

### SUR PETITION FOR REHEARING

GRIFFITHS, J., August 11, 1967.—Plaintiff has filed a petition for rehearing sur our opinion and order of July 26, 1967, which petition defendants have moved to strike. The petition for rehearing was filed under Pa. R. C. P. 1522.

We believe a petition under this rule properly applies only to final decrees in equity cases, which is obvious, not only from the sequence of the rules them-

selves, but also from the fact that any erroneous decision prior to a final decree can be remedied at the final hearing or on exceptions: Cf. Goodrich-Amram, §1522-1. This matter has only gone to a hearing on a request for a preliminary injunction and argument on preliminary objections. While we are bound to construe the Rules of Civil Procedure liberally, under Rule 126, we cannot patently misconstrue them.

Although we cannot grant a rehearing, we will construe plaintiff's petition for rehearing as a petition for re-argument and will act on briefs submitted.

### RE THE COMPLAINT IN EQUITY

The gravamen of plaintiff's complaint seeks the following:

1) To obtain possession of the premises in question; 2) To prevent defendants from interfering and conspiring to interfere with plaintiff's engaging in the retail drug business in Philadelphia; 3) To recover compensatory and punitive damages for defendants' alleged malicious interference with plaintiff's contractual rights.

Relative to the first of these, if an action to quiet title is here proper, plaintiff would have its remedy. Regarding the second of plaintiff's assertions, were plaintiff to obtain possession of the premises involved, such a fait accompli would vitiate any claim of interference, for it is obvious from the pleadings the interference charged is preventing plaintiff from having possession of the said premises. This second assertion of plaintiff's is a mere smoke screen for the first claim, in an effort to grasp at equitable jurisdiction. The third claim, malicious interference with a contract, sounds in trespass: Richette v. Pennsylvania Railroad, 410 Pa. 6 (1963); Capecci v. Liberty Corporation, 406 Pa. 197 (1962).

Thus, plaintiff has, in effect, pleaded two causes of action in its complaint: 1) A possessory cause; 2) A

cause in trespass. Pa. R. C. P. 1508 requires that the cause of action in an equity suit be cognizable in equity. Before equitable jurisdiction can attach to determine all matters involved, the principal purpose of the proceedings must be cognizable in equity: Mower v. Mower, 367 Pa. 325 (1951). Here the principal purpose is possession, which, we have held, is not cognizable in equity.

Plaintiff's argument that equity should take jurisdiction to prevent multiplicity of suits fails to realize that mere number of suits in itself is not sufficient, but these must be wrongs of a continuing nature: Bright v. Pittsburgh Musical Society, 379 Pa. 335 (1954).

Plaintiff argues in its brief that, on the law side of the court, plaintiff cannot join an action to quiet title with an action sounding in trespass, citing Goodrich-Amram, §1065-3, pages 38-39; and plaintiff, therefore, argues equity should take jurisdiction. Plaintiff's argument simply overlooks the requirement of Pa. R. C. P. 1508, requiring that the causes be cognizable in equity. Were an action to quiet title, or a trespass suit, cognizable in equity, equity jurisdiction would attach to one and thereby equity could maintain jurisdiction over both. Here, however, equity has jurisdiction over neither action.

### Re The Action to Quiet Title

This brings us to review in some detail what we merely stated as the law in our decision of July 26, 1967; namely, the applicability of Brennan v. Shore Brothers, Inc., 380 Pa. 283 (1955), to the facts of this case. Plaintiff argues the action to quiet title cannot here lie because such action under Pa. R. C. P. 1061-(b)(4) lies "to obtain possession of land sold at a judicial or tax sale", and this case involves neither. Brennan, however, decided that plaintiff out of possession, having no right to immediate possession, could

bring an action to quiet title under the broad language of Pa. R. C. P. 1061 (b) (2), which we will not here repeat. Brennan was neither a judicial nor tax sale, and the final order in Brennan, affirmed by the Supreme Court, was:

"Judgment non obstante veredicto is entered against defendant in favor of plaintiffs for the possession of premises 4200 North Broad Street, Philadelphia. Defendant is forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of plaintiffs set forth in their complaint. *It is further ordered that a writ of possession shall issue forthwith*". (Italics supplied.)

On the basis of Brennan, we can find no basis for plaintiff's argument that it cannot obtain a writ of possession, if it is successful in an action to quiet title.

Finally, plaintiff cites the cases of MacKubbin v. Rosedale Memorial Park, Inc., 413 Pa. 637 (1964), and White v. Young, 409 Pa. 562 (1963), for the proposition that equity jurisdiction attaches in the present litigation. In White, an action to quiet title, equity attached because a second count sounded in equity: namely, injunctive relief requiring lessee to remove drilling equipment and to cap a well. In Mac-Kubbin, an action to quiet title was held not to lie, where the remedy sought was to reform a deed, which is equitable in nature, requiring an action in equity.

In the present suit, no equitable remedy whatsoever is indicated as in White and MacKubbin, and, as above discussed, for equity to attach there must be at least one count sounding in equity. Because plaintiff has two causes of action, that, in itself, does not confer equitable jurisdiction, even if they arise out of the same transaction or series of transactions.

Parenthetically, we note, as above indicated, under Brennan, plaintiff will not have to bring a second ac-

tion in order to obtain a writ of possession, if its suit is successful.

Other matters raised in the present petition we believe have been adequately discussed in our former opinion.

Since plaintiff has joined in one action what is, in effect, and according to our decision, an action to quiet title, with an action in trespass, this misjoinder of causes of action cannot stand. Whether separate suits, if both are brought, be consolidated for trial, is a matter for later decision. A special listing for trial of the present suit, which was recommended by the court in its opinion of July 26, 1967, is a matter for the administrative judge to decide, upon petition.

### Decree

And now, August 1, 1967, it is ordered and decreed as follows:

1. Plaintiff's petition for a rehearing is treated as a petition for re-argument.

2. Defendants' motion to strike such petition is denied.

3. The court adopts and republishes as part of this decree paragraphs 1, 2 and 4 of its decree of July 26, 1967.

4. Paragraph 3 of the court's decree of July 26, 1967, is hereby vacated and in lieu thereof is substituted as paragraph 4 hereof the following:

Defendants' preliminary objection raising the question of equitable jurisdiction is sustained; plaintiff's first count in its complaint is transferred to the law side of the court as an action to quiet title; defendants are granted leave to file an answer to the said first count in the complaint within twenty days from the date hereof.

5. Plaintiff's second, third, fourth and fifth counts are misjoined with plaintiff's first count and are here-

by stricken, without prejudice to plaintiff's starting a separate suit relating thereto.