Grace Building Co., Inc., Appellant *v.* Edwin F. Parchinski and Harriet Parchinski, Appellees.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Alfred O. Breinig, Jr.*, for appellant.

*Richard L. Schuster*, for appellees.

OPINION BY JUDGE WILLIAMS, JR., November 3, 1983:

Grace Building Co., Inc. (Grace) has appealed from a decision by the Court of Common Pleas of Chester County adverse to Grace's action to quiet title to a strip of land. Grace had filed the action to have itself adjudged the owner of the land strip in question, alleging that the strip is part of a parcel of land which Grace had purchased pursuant to the Real Estate Tax Sale Law.[1]

On September 12, 1966, Grace purchased, at a tax sale conducted by the Tax Claim Bureau of Chester County, a parcel of land located in West Sadsbury Township, Chester County, and officially designated as tax parcel "36-3-57." The tax deed subsequently received by Grace, from the Tax Claim Bureau, recited that the parcel had been exposed to public sale for delinquent taxes assessed against the property, and that the name of the previous owner was "unknown." The tax deed described the parcel as follows: "ALL THAT CERTAIN 29.5 ACRES—*SOUTH SIDE OF T413* \* EAST OF T346 36-3-57 LOCATED IN THE TOWNSHIP OF WEST SADSBURY." (Emphasis added.)

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

The term "T413" in the above deed description refers to a certain east-west township road, which has been identified as "Quarry Road." At the time of the 1966 tax sale, the official tax map of Chester County depicted parcel 36-3-57 as extending northward *to the south side of Quarry Road.*

In May 1970, Edwin and Harriet Parchinski purchased a lot that abuts the northern boundary of the parcel Grace had bought at tax sale. A disagreement arose between Grace and the Parchinskis as to the physical location of their common boundary. Grace asserted that the *northern* boundary of its parcel is the center line of Quarry Road, and, thus, that the tax sale included the portion of land along the south side of the road. The Parchinskis, on the other hand, contended that the southern boundary of their lot is *south* of Quarry Road and, hence, encompasses the strip claimed by Grace. According to the Parchinskis, Quarry Road, in its entire present width, runs *through* their property.

In February 1973, Grace commenced an action to quiet title, averring that it has title to the contested strip of land by virtue of the 1966 tax sale and the consequent tax deed. Grace's complaint, in its prayer for relief, requested the trial court to declare that Grace has valid title to the strip and the right to possess it. The Parchinskis, in their answer to the complaint, denied that Grace's tax parcel includes the strip in question, and asserted that the strip is part of the lot conveyed to them in 1970.

In June of 1979, the case was tried without a jury before the Court of Common Pleas of Chester County. The sole witness for Grace was its President, Alfred Breinig, Sr. Mr. Breinig testified that the parcel Grace purchased was vacant woodland, and that he had observed no indicia of anyone's occupancy or possession prior to the sale by the Tax Claim Bureau. He

also testified, over objection, that just before the trial he had inspected the tax assessment records for the Parchinski property, and that those records described their property as being *north* of Quarry Road. Besides Mr. Breinig's personal opinion that the tax sale included the disputed strip, the only other evidence presented by Grace was a copy of its tax deed, and a copy of the section of the county tax map which purported to delineate the tax parcel sold to Grace.

The Parchinskis put into evidence a deed, dated May 16, 1970, from Samuel F. Stoltzfus and his wife, conveying to the Parchinskis a five-acre wooded lot "in the Township of Sadsbury." According to the description in that deed, which sets forth courses, distances, and monuments, the property purchased by the Parchinskis does extend across *"a road."* The deed recites, however, that the description contained therein was derived from a particular 1936 survey of "adjoining property."

Mr. Parchinski was the only witness to appear for the defense. His testimony, in the main, was a recounting of his land-purchase from Mr. and Mrs. Stoltzfus. Parchinski also testified that, before buying his lot, he made an inspection of the property in the company of a surveyor; and that the inspection led to the discovery of some "steel markers" at points around the property. Parchinski was unable to say what the steel markers signified. But he stated that they were in the ground at various property-points north of Quarry Road, and that similar steel markers were also found "a good ways" *south* of Quarry Road. Parchinski further testified that, in accordance with the markers he found, he put wire around his entire property north of the road, and also around the disputed strip south of the road.

On August 29, 1979, the trial court issued an order stating that: "Plaintiff's claim for relief is hereby

denied." On February 21, 1980, the trial court dismissed Grace's exceptions. After filing a praecipe for the entry of judgment, Grace appealed to our Court.

The trial court, in reaching its decision, determined that Grace had not carried its burden of proof or even established a prima facie case, as to warrant the judicial relief it sought. More specifically, the trial court concluded that neither the tax deed nor the tax map, upon which Grace relied, was sufficient to show that the disputed strip of land on the south side of Quarry Road was actually part of the tax parcel sold to Grace in 1966.

The appellant herein, Grace, first argues that its tax deed gave it a presumptively valid title to tax parcel 36-3-57, and that the Parchinskis presented insufficient evidence to overcome that presumption. This argument misses the issue of the case. The defendants below never asserted that Grace did not acquire a valid title to tax parcel 36-3-57. The controversy goes to whether the disputed strip of land south of Quarry Road is within the actual boundaries of the tax parcel, or within the boundaries of the lot purchased by the Parchinskis.

The question of where a boundary line is actually located is one for the trier of fact to determine. *Murrer v. American Oil Co.,* 241 Pa. Superior Ct. 120, 359 A.2d 817 (1976); *Guerra v. Galatic,* 185 Pa. Superior Ct. 385, 137 A.2d 866 (1958). It is established that, in an action to quiet title, the burden of proof is on the plaintiff. *Albert v. Lehigh Coal and Navigation Co.,* 431 Pa. 600, 246 A.2d 840 (1968); *Cox's Inc. v. Snodgrass,* 372 Pa. 148, 92 A.2d 540 (1952). Thus, it was incumbent on Grace to prove, by a fair preponderance of evidence, that the actual boundaries of its tax parcel were so located as to include the disputed strip.

In our view, neither Grace's tax deed nor the exhibit from the county tax map was adequate evidence

of the actual boundaries of Grace's tax parcel. Neither document of itself contains enough information as would enable a surveyor to locate the boundaries on the ground. The tax deed is utterly devoid of descriptive boundary calls. The tax map, though it purports to depict the configuration and relative location of Grace's tax parcel, does not contain any specific information as to the bearings or actual distances of the lines shown, or any other means of locating the actual corners of the property. In sum, the documents relied upon by Grace were not sufficient to even identify the boundaries of its parcel, much less to establish their location on the ground.

Grace's action below suffered from yet another infirmity. Grace's complaint purported to set forth a description of the *entire* tax parcel.[2] However, the complaint did not contain any description of the disputed strip of land south of Quarry Road.[3] It is well established that, in an action to quiet title, the plaintiff's complaint must sufficiently describe the limits of the land in controversy. Pa. R.C.P. No. 1065; *MacKubbin v. Rosedale Memorial Park, Inc.*, 413 Pa. 637, 198 A.2d 856 (1964). In the instant case, the subject of litigation is a strip of land which, by even Grace's own allegations, is but a portion of the total parcel that Grace claims by virtue of the 1966 tax sale. Absent an effective description and identification of the disputed strip, the trial court, as fact-finder, could not have described the disputed land in a verdict, even had Grace been otherwise entitled to prevail. *See Seitz v. Pennsylvania R.R.*, 272 Pa. 84, 116 A. 57

---

[2] In the second paragraph of its complaint, Grace sets forth what it alleges to be a metes and bounds description of its tax parcel. However, the plaintiff does not disclose the source of that description.

[3] Grace's only description of the disputed strip is that it is a "small portion" of the tax parcel.

(1922); *Skillman v. Magill,* 98 Pa. Superior Ct. 72 (1930).

Grace also argues that the Parchinskis failed to prove by competent evidence that their property includes the disputed strip. We wholeheartedly agree with that argument. However, the trial court did not decide that the Parchinskis had established a right to the strip. The court merely determined that Grace had not presented evidence to warrant the relief it sought. In sum, the court left the parties where it found them. Given the weak state of the evidence from both parties, the trial court's order was the proper disposition of the case.

We affirm.

### ORDER

AND NOW, the 3rd day of November, 1983, the judgment of the Court of Common Pleas of Chester County, at No. 190 of February Term 1973, Civil Division, is hereby affirmed.