535 A.2d 1255

Kaiser Energy, Inc., Raymond E. Wisner and Vivian I. Wisner, his wife, and Robert H. Wisner and Sally Wisner, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott O. Mears, Mears and Smith,* for petitioners, Raymond E. Wisner, et ux.

*Milton V. Munk, Jr.,* for petitioners, Robert H. Wisner, et ux.

*Joseph L. Robinson,* for petitioner, Kaiser Energy, Inc.

*Amy L. Putnam,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 22, 1988:

Raymond E., Vivian I., Robert H. and Sally Wisner have petitioned for our review of an adjudication of the Board of Property (Board) which resolved a title dispute between the Wisners and the Commonwealth regarding an approximately 419-acre tract of land located in Fairfield and Derry Townships, Westmoreland County. The Board concluded that the Commonwealth, acting through the Pennsylvania Department of Environmental Resources, possesses good title to the property and is the fee simple owner of the subject tract. We affirm.[1]

---

[1] The Commonwealth has filed a motion for partial summary relief as to Robert and Sally Wisner based on their failure to separately participate in this appeal. The record reflects that Raymond and Vivian Wisner own the Fairfield Township portion of the tract at issue comprising approximately 263 acres. Robert and Sally Wisner own the Derry Township portion of the tract. It is evident that Robert and Sally Wisner have not participated in this

The instant matter originated with the filing of a petition for declaratory judgment with the Board by Kaiser Energy, Inc. and the Wisners which sought a determination as to whether the Commonwealth or the Wisners had good title to certain land on which Kaiser Energy, Inc. desired to lease the mineral rights to oil and gas. The parties have stipulated to the pertinent chains of title as set forth in an amended abstract of title which appears of record.

The first issue raised by the Wisners is whether the Board erred in placing the burden of proof on them in this matter. The Wisners' claim was filed within the Board's jurisdiction "to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth."[2] We think it is clear that, as the moving party, the Wisners must bear the burden of establishing their claim to title. The Board regarded the petition before it as one in the nature of ejectment.[3] While we believe that the requested relief

---

appeal. The petition for review is signed solely by Scott O. Mears, attorney for Raymond and Vivian Wisner. Robert and Sally Wisner have filed no brief and did not present oral argument to this Court. We, accordingly, will grant the Commonwealth's motion for partial summary relief as to Robert and Sally Wisner.

We further note that although Kaiser Energy, Inc. is listed in the case caption, it has not appealed from the Board's adjudication and, thus, is not a party to the instant petition for review.

[2] Section 1207, of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. §337.

[3] The Board initially determined that declaratory judgment relief is not available before the Board. We note that Section 35.19 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §35.19, provides for "petitions for the issuance, in the discretion of an agency, of a declaratory order to terminate a controversy or remove uncertainty." Thus, it would appear that there is no general bar to the grant of declaratory relief by the Board. Regardless of the form of the petition presented to the Board, the analysis and result reached in this case would remain unchanged.

was actually in the nature of an action to quiet title, as opposed to ejectment, *see* 3 Goodrich-Amram 2d §1061(b):2 (1976), under either view the Wisners' burden would be the same, to wit, to establish their title by a fair preponderance of the evidence.[4] *Hallman v. Turns,* 334 Pa. Superior Ct. 184, 482 A.2d 1284 (1984); *Grace Building Co. v. Parchinski,* 78 Pa. Commonwealth Ct. 187, 467 A.2d 94 (1983). The Wisners' initial burden is to establish a prima facie case by showing title sufficient to base a right to recovery. *Hallman;* 30 P.L.E. *Quieting Title* §21 (1960). Moreover, whether the matter sounds in ejectment or quiet title, the moving party must recover on the strength of its own title and not upon the weakness of the Commonwealth's. *Versailles Township Authority v. McKeesport,* 171 Pa. Superior Ct. 377, 90 A.2d 581 (1952).

Turning to the merits of the case, we will first review the Wisners' chain of title to determine its prima facie sufficiency. The Wisners' chain begins with a patent granted by the Commonwealth on July 12, 1973 to Christian Eby. The property is described in the patent by metes and bounds and is further described as:

> BEING the same tract which was surveyed in pursuance of a warrant dated 22 September 1790, granted to Benjamin Myer who by deed dated 27 May 1793, conveyed the same to Christian Eby, in consideration of the monies paid by Benjamin Myer in to the Recorder General's Office of the Commonwealth at the granting of the warrant, and of the sum of two pounds, four shillings and eight pence, lawful money now paid by Christian Eby into said office.

---

[4] We, accordingly, reject the Board's imposition of the more stringent burden of proof by clear and convincing evidence in this case.

Christian Eby died testate in 1807, directing in his will that his executors sell his lands located in Westmoreland County. The abstract of title does not reveal any conveyance of the subject property by Christian Eby's executors. The original patent was later recorded on March 9, 1921 on the same day that a deed in the Commonwealth's chain of title conveying the subject acreage from David and Helen T. Blair to the Commonwealth was recorded. The next deeds in the Wisners' chain of title are four recorded deeds dated between November 20, 1970 and November 30, 1972. Each of the deeds purports to convey the subject property to Raymond and Robert Wisner. The grantors claim by recitation in the deeds to be direct descendants of Christian Eby. No other proof of their relationship to Christian Eby has been offered.

The Board found insufficient evidence to link the Wisners' grantors to the property at issue. We must agree that the uncorroborated recitals in the four deeds regarding the grantors' relationship to Christian Eby are inadequate to prove kinship. "[K]inship which carries with it a claim of property against the claim of the State should be proved by something more than a guess, it should be built on a sound basis." *Link's Estate (No. 1)*, 319 Pa. 513, 180 A. 1 (1935).

Moreover, even if it is assumed that the grantors are direct descendants of Christian Eby, the record contains no further connection between them and the subject property. As observed by the Board, "there are no deeds of record or evidence of inheritance through probate of will or the administration of an estate in this period of approximately one hundred and seventy-seven (177) years." Board adjudication at 8. We, accordingly, find no error in the Board's conclusion that the Wisners have failed to establish prima facie evidence of their own good title to the property.

A review of the Commonwealth's chain of title reveals more clearly that title to the property indeed resides in the Commonwealth. The Commonwealth's chain of title dates to a tax sale on February 14, 1823. Although some of the earlier recorded deeds in the Commonwealth's chain after the tax sale leave some doubt as to the description of the property, by 1866 the metes and bounds description clearly relates to the subject acreage. We also note that none of the deeds in the Commonwealth's chain specifically mention Christian Eby. Reference is made only to the original survey of the land to Benjamin "Moyers" or "Mayers".

The Wisners have attempted in this matter to challenge the validity of the tax sale in 1823. We agree with the Board, however, that the time for challenge has long since passed. At the time of the tax sale, a five year statute of limitations existed for challenges thereto. Act of March 13, 1815, 6 Smith L. 299. Furthermore, the Pennsylvania Supreme Court ruled in 1843 that:

> [W]here the warrantee or owner of unseated land, after an irregular sale made of it on account of taxes in arrear upon it, lies by for twenty-one years, without making any claim to it by paying the taxes assessed, or exercising acts of ownership on it, but suffers the purchaser, his heirs or assigns, at the tax sale, to pay the taxes assessed during that period, it may fairly be presumed that he has waived his right to object to the sale; or . . . that he has abandoned his right to the land in favour of the purchaser at the tax sale.

*Bunting v. Young,* 5 Watts & Serg. 188, 197 (1843); *see also Northrup v. Pennsylvania Game Commission,* 73 Pa. Commonwealth Ct. 389, 458 A.2d 308 (1983). Finally, recitals in deeds more than thirty years old, when accompanied by possession, constitute prima facie evi-

dence of the facts recited therein. *Brock v. Atlantic Refining Co.*, 273 Pa. 76, 116 A. 552 (1922); *Dougherty v. Welshans*, 233 Pa. 121, 81 A. 997 (1911). Thus, the deeds from the 1800s which refer to the tax sale are evidence in and of themselves of the occurrence of that sale, although the actual tax deed was not found of record.

We additionally observe that even if the original patent to Christian Eby is regarded as remaining outstanding, we believe that the passage of time would now prevent the Wisners from relying on that title. The Commonwealth can point to a long chain of title with tax assessments to the grantors in that chain dating from 1847. In all that time no heirs or descendants of Christian Eby made any claim to the property until the purported conveyances in the early 1970s. As our Supreme Court stated pertinently in *Dougherty*, 233 Pa. at 132, 81 A. at 1001, "If an outstanding title in a third party is set up as a defense in an action of ejectment, it must be a present subsisting one, otherwise it will be presumed to have been extinguished by a conveyance to the one who has asserted title to and exercised rights of ownership over the land for a long period of years." Thus, we believe that any remaining property interest in the decendants of Christian Eby must be presumed to have been extinguished by the long line of title owners in the Commonwealth's chain, dating from 1823, who have exercised ownership rights over the property, without challenge, for many decades.

The final issue which we must resolve involves the Wisners' argument that even if the Commonwealth's chain of title is not defective, they nevertheless own the subject property by virtue of their status as bona fide purchasers for value. Having determined that the purported grantors of the subject property had no existing property interest to convey, however, we fail to see

how the Wisners can claim to now own the property. It is axiomatic that a person cannot effectively convey property in which he has no ownership rights. The bona fide purchaser concept applies only to purchasers *of legal title*. 32 P.L.E. *Sales of Realty* §156 (1960). Since we have determined that the Wisners' grantors did not possess legal title to the property which they purported to convey, the bona fide purchaser doctrine is inapplicable to the case at bar.

We, accordingly, will order that the decision of the Board of Property be affirmed.

### ORDER

The Commonwealth's motion for partial summary relief is granted as to Robert H. and Sally Wisner.

The order of the Board of Property in the above-captioned matter is hereby affirmed.

Judge PALLADINO concurs in result only.