## Fleck, Appellant, *v.* Universal-Cyclops Steel Corporation.

Argued September 28, 1959. Before BELL, MUS-MANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Louis Cooper,* for appellant.

*Mahlon E. Lewis,* with him *Gerald W. Weaver,* and *Lewis & Drew,* for appellee.

OPINION BY MR. JUSTICE BELL, December 30, 1959:
Joseph McKeon was the owner in fee of a large tract of land in Allegheny County in 1885. In that year he conveyed to the Pittsburgh, Chartiers and

Youghiogheny Railway Company a strip of land comprising 11.83 acres. The deed recited that for a consideration of $6,000 McKeon "granted . . . and conveyed . . . to the said Pittsburgh, Chartiers and Youghiogheny Railway Company* and to its successors and assigns for the uses and purposes of their railway and the contruction of works connected therewith, *a right-of-way through and over* said land the whole distance of said railway through the same, . . . ."** The habendum clause provided: "TO HAVE AND TO HOLD THE SAID STRIPS OF LAND AND THE SAID RIGHTS and privileges and uses to the said Pittsburgh, Chartiers and Youghiogheny Railway Company, its successors and assigns, so long as the same shall be required for the uses and purposes of said Railway."

In 1923 Collier Land Company, which was a successor in title to McKeon, conveyed a portion of the larger tract of land to the Vanadium Corporation of America. The deed (pertinently) described the land conveyed as running "to the Westerly line of the *right-of-way* of the Pittsburgh, Chartiers and Youghiogheny Railroad;". In 1928 Collier Land Company conveyed still another portion of land to Vanadium, part of which was bounded by "the Westerly *right-of-way* of the Pittsburgh, Chartiers and Youghiogheny Railroad". The lands thus conveyed to Vanadium were subsequently conveyed to the defendant, Universal-Cylops Steel Corporation.*** In 1940 Collier Land Company conveyed to Cyclops a tract of land, the eastern boundary of which was "the right-of-way of the Pittsburgh, Chartiers and Youghiogheny Railroad Company". Cyclops thus became the owner in fee simple of all the land on both sides of the Railway Company's right-of-way.

---

* Hereinafter referred to as the Railway Company.
** Italics throughout, ours.
*** Hereinafter referred to as Cyclops.

In 1952 Collier Land Company by quitclaim deed, conveyed all its right—whatever rights it then had—in the entire tract to Fleck, the plaintiff herein. In 1954 the Railway Company abandoned its right-of-way.

Fleck brought ejectment against Cyclops for the aforesaid strip of land contending that McKeon's 1885 deed to the Railway Company conveyed a base fee for railroad uses and purposes and that when the railroad abandoned this use, the strip of land reverted to Fleck as successor in title to McKeon. A (divided) lower Court after considering Cyclops' answer and plaintiff's Reply to New Matter, granted Cyclops' motion for judgment on the pleadings.

The case turns on whether the 1885 deed from McKeon to the Railway Company conveyed a base fee or an easement in this strip of land. *If* the Railway Company acquired a base fee, then upon abandonment by the Railway Company of the uses and purposes for which the land was conveyed, title thereto would revert to the original grantor McKeon and his successor in title Fleck (the plaintiff) who would thereby acquire a fee simple (absolute) interest in the land: *Starkey v. Philadelphia*, 397 Pa. 512, 156 A. 2d 101; *Loechel v. Columbia Borough School District*, 369 Pa. 132, 85 A. 2d 81; *Slegel v. Lauer*, 148 Pa. 236, 23 A. 996; *London v. Kingsley*, 368 Pa. 109, 81 A. 2d 870.

If, on the other hand, the Railway Company acquired by the 1885 deed from McKeon a mere *easement* in this strip of land, then Cyclops would prevail. Cyclops' predecessors in title conveyed to it the land on both sides of the aforesaid right-of-way. It is well settled that a grant of land bounded by or abutting on a public highway is presumed to carry the fee to the center line of such highway or easement: *Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers*, 353 Pa. 446, 46 A. 2d 16; *Paul v. Carver*, 26 Pa. 223; *Firmstone v. Spaeter*, 150 Pa. 616,

25 A. 41; *Bliem v. Daubenspreck,* 169 Pa. 282, 32 A. 337. A railroad is a highway within the meaning of this rule: *Rice v. Clear Spring Company,* 186 Pa. 49, 40 A. 149. If the Railway Company acquired by its 1885 deed merely a right-of-way or an easement an abandonment by the railroad of its right-of-way would, in legal effect, merely extinguish this encumbrance upon the land which, we repeat, would be held in fee by defendant Cyclops: *Eagan v. Nagle,* 378 Pa. 206, 106 A. 2d 222; *McClure v. Monongahela Southern Land Co.,* 263 Pa. 368, 107 A. 386; *Riefler & Sons v. Wayne Storage Water Power Co.,* 232 Pa. 282, 81 A. 300; 12 Pennsylvania Law Encyclopedia, Easements, §16.

The granting clause of the 1885 McKeon deed recited the conveyance of "a *right-of-way through* and *over* said land", indicating a mere surface interest, i.e., an easement and not a fee (base or absolute). It was recognized early in this Commonwealth that a conveyance or a taking by eminent domain of a right-of-way usually conveys or creates only an easement. Cf: *Kieffer v. Imhoff,* 26 Pa. 438; *Western Pennsylvania Railroad Co. v. Johnston,* 59 Pa. 290; *Manbeck v. Jones,* 190 Pa. 171, 42 A. 536.

The appellant relies upon the habendum clause in McKeon's 1885 deed as proof of the conveyance to the Railway Company of a base fee, i.e., "to have and to hold the said strips of land and the said rights and privileges and uses . . . so long as the same shall be required for the uses and purposes of said railroad." This language generally indicates a base fee: See *London v. Kingsley,* 368 Pa. 109, 117, 81 A. 2d 870; *Slegel v. Lauer,* 148 Pa. 236, 244, 23 A. 996; Cf. *Starkey v. Philadelphia,* supra; sometimes it is used in connection with a fee simple (absolute): Cf. *Starkey v. Philadelphia,* supra; sometimes it is used to describe an easement: *Graham v. St. Louis I. M. & S. R. Co.,*

69 Ark. 562, 65 S.W. 1048; *Muncie Electric Light Co. v. Joliff*, 59 Ind. App. 349, 109 N.E. 433; *Noel Estate v. Kansas City Southern & G. R. Co.*, 187 La. 717, 175 So. 468; *Barlow v. Chicago R. I. & P. R. Co.*, 29 Iowa 276; *Barton v. Jarvis*, 218 Ky. 239, 291 S.W. 38. In any event, if and where the granting clause and the habendum clause of a deed are inconsistent, conflicting or repugnant, the granting clause must prevail: *Karchner v. Hoy*, 151 Pa. 383, 25 A. 20; *Laidley v. Rowe*, 275 Pa. 389, 119 A. 474.

We are of the opinion that in 1885 McKeon conveyed to the Pittsburgh Railway Company only an easement and not a base fee. It follows that the only legal result of the railroad's abandonment of that easement was to remove and extinguish the encumbrance on this strip of land, which was owned in fee simple (absolute) by the Universal Cyclops Steel Corporation.

Judgment affirmed.