513 A.2d 983

**Peter MONTRENES and Mary Montrenes, his wife, Appellants,**

**v.**

**Mary MONTRENES, a/k/a Mary Andrikanic**

**v.**

**Ann BELLOHUSEN.**

Superior Court of Pennsylvania.

Argued March 25, 1986.

Filed July 7, 1986.

Reargument Denied Aug. 27, 1986.

---

Thomas M. Castello, Pittsburgh, for appellants.

Robert Palkovitz, McKeesport, for appellees.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

In this action involving rival claims by a brother and sister to a double house in Versailles Borough, Allegheny County, the issue is whether the trial court capriciously disregarded evidence of sufficient quantity and quality to establish a parol, inter vivos gift of real estate. We find no capricious disregard of evidence and affirm.

Peter and Mary Montrenes, husband and wife, contended in this action to quiet title that Peter's mother, Mary Montrenes, a/k/a Mary Andrikanic, had made a parol gift to them of a double house situated at Nos. 5106–5108 Oard Street, Versailles Borough, Allegheny County. The action was commenced against Peter's mother and was expanded to include, as a co-defendant, Peter's sister, Ann Bellohu-

sen, to whom the title to the property had been conveyed by deed of the mother. This deed, it was alleged, had been procured by undue influence and fraud and had also involved a forged signature. Mary, the mother, died in 1980, and the litigation continued between brother and sister to determine who had good title to the real estate.

The double home on Oard Street had been almost entirely destroyed by fire on December 26, 1945. The testimony of Peter and his wife, Mary, was that Peter's mother thereafter gave them the home on the condition that they rebuild it. With the help of others, Peter and his wife restored the two dwellings and thereafter occupied 5108 Oard Street. The other half of the double was occupied by a tenant until the mid 1950s. For the remainder of the time it was vacant. The testimony was that the mother had collected the rents for the leased dwelling, but there was conflicting testimony as to whether she had kept the rents or had turned them over to her son. Three witnesses testified that Mary, the mother, had frequently referred to the fact that she had given the home to Peter and his wife. Ann, however, testified to the contrary, i.e., that her mother had never said that the real estate had been given to Peter. Nevertheless, the evidence was clear that Peter and his family had rebuilt the double dwelling and had occupied one-half of the double home continuously thereafter. Peter and his wife had paid municipal and school taxes on the property, but his mother had paid the county taxes.

The trial court found that Peter had failed to prove a parol, inter vivos gift and denied the request to set aside the sister's deed. Exceptions were dismissed, and final judgment was entered.

The burden of proof in an action to quiet title is on the plaintiff. *Cox's, Inc. v. Snodgrass*, 372 Pa. 148, 152, 92 A.2d 540, 541–542 (1952); *Grace Building Co., Inc. v. Parchinski*, 78 Pa.Cmwlth. 187, 191, 467 A.2d 94, 96 (1983). In such an action, the plaintiff can recover only on the strength of his or her own title and not upon the weakness of the defendant's title. *Albert v. Lehigh Coal & Naviga-*

*tion Co.*, 431 Pa. 600, 607, 246 A.2d 840, 843 (1968); *Carratelli v. Castrodale*, 185 Pa.Super. 426, 429, 137 A.2d 805, 806 (1958). Where, as here, the trial court has determined that the plaintiffs failed to meet their burden of proving title, that determination will not be reversed in the absence of an error of law or a capricious disregard of evidence. See: *Piccinini v. Teachers Protective Mutual Life Insurance Co.*, 316 Pa.Super. 519, 524, 463 A.2d 1017, 1021 (1983); *Eddystone Fire Co. No. 1 v. Continental Insurance Co.*, 284 Pa.Super. 260, 263, 425 A.2d 803, 804 (1981).

The requisites for the creation of a valid parol gift of land notwithstanding the Statute of Frauds [1] are "(1) that the evidence of the gift be direct, positive, express and unambiguous; (2) that possession be taken in pursuance of the alleged gift at the time of or immediately after it is made, and that such possession be exclusive, open, notorious, adverse and continuous; (3) that the donee make valuable improvements on the property for which compensation in damages would be inadequate." *Rarry v. Shimek*, 360 Pa. 315, 317–318, 62 A.2d 46, 47–48 (1948) (footnotes omitted). See also: *Yarnall's Estate*, 376 Pa. 582, 590, 103 A.2d 753, 758 (1954); Annot., 83 A.L.R.3d 1294 (1978). As a general rule, these elements, together with the existence of a donative intent on the part of the donor, must be established by evidence which is clear and convincing. See generally: Annot., 83 A.L.R.3d at 1298–1301. Clearer and weightier evidence, the courts have said, is necessary to prove a parol gift between parent and child then is required between persons who are not blood relatives. *Yarnall's Estate, supra* 376 Pa. at 590, 103 A.2d at 758; *Rarry v. Shimek, supra* 360 Pa. at 318, 62 A.2d at 48; *Ackerman v. Fisher*, 57 Pa. 457, 459 (1868). To prove a parol gift between parent and child, "the witnesses depended upon for that purpose must have heard the bargain when made and their testimony must bring the parties face to face; the transaction may not be inferred merely from the declarations of one of the parties." *Rarry v. Shimek, supra* 360 Pa. at

1. Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 P.S. § 1.

318, 62 A.2d at 48; *Ackerman v. Fisher, supra,* 57 Pa. at 459. See also: *Glass v. Tremellen,* 294 Pa. 436, 144 A. 413 (1928); *Sorber v. Masters,* 264 Pa. 582, 107 A. 892 (1919).

Where, as here, the trial court's findings are based on its assessment of the weight and credibility of the evidence, its determination that appellants failed to sustain their burden of proof is relatively unassailable. There was no disinterested testimony which brought the parties face to face to establish in praesenti the making of an inter vivos gift. Although there was testimony that the alleged donor had made statements to the effect that she had given the real estate to her son, no disinterested witness was able to bring the alleged grantor and grantee face to face and show the making of an inter vivos gift. Moreover, the mother's statements were ambiguous. It was not clear whether she was saying merely that she had given her son a place to live or whether she meant that she had given him ownership rights. Although appellants did play a significant role in rebuilding the dwelling and resided in one-half thereof, the evidence showed that the mother always collected the rents from the other half of the double and also paid some of the taxes on the property. Thus, any inference of an inter vivos gift was rebutted by evidence that the alleged donor had not fully divested herself of all indicia of ownership. We cannot say, therefore, that the trial court capriciously disregarded competent evidence in determining that appellants had failed to prove a parol, inter vivos gift.

Appellants also sought to set aside the deed delivered by the mother to Ann Bellohusen on grounds of forgery, undue influence and fraud. Peter Montrenes asserted that his mother had suffered a stroke in September, 1979 and that Ann thereafter was able to induce the execution and delivery of a deed conveying the real estate to her. The evidence showed that the mother did not speak English fluently and relied upon her children to translate English into her native Slovakian tongue. Other evidence showed, however, that she was and continued until her death to be the strongwilled head of the family. As Peter testified, "she

was the law." Although Ann had handled her mother's financial affairs during the last three years of the mother's life and had, on occasion, assisted her mother in signing her name, the trial court found that the deed to Ann had not been the product of forgery, undue influence or fraud. Even after her stroke, the mother did not suffer an impaired intellectual capacity.

The findings of a judge sitting without a jury must be accorded the same weight and effect as the verdict of a jury and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. *Estate of Gilbert*, 342 Pa.Super. 82, 87, 492 A.2d 401, 404 (1985); *In re Estate of Cornell*, 336 Pa.Super. 594, 597, 486 A.2d 424, 425 (1984). A confidential relationship exists when the parties do not deal on equal terms so that one party is dependent on the other or one party overmasteringly influences the other. *Banko v. Malanecki*, 499 Pa. 92, 96–97, 451 A.2d 1008, 1010 (1982). See also: *Monongahela Trust Co. v. Kazimer*, 161 Pa.Super. 380, 382, 54 A.2d 841, 842 (1947). The existence of a family relationship, although a factor to be considered, does not alone suffice to establish a confidential relationship. *Estate of Gilbert*, *supra*, 342 Pa.Super. at 88, 492 A.2d at 401; *Estate of Keiper*, 308 Pa.Super. 82, 87, 454 A.2d 31, 34 (1982). See also: *Estate of Dzierski*, 449 Pa. 285, 289, 296 A.2d 716, 718 (1972).

The evidence in this case did not demonstrate that Ann Bellohusen had exercised an overmastering influence over her mother. The mere fact that she had assisted her mother with her financial matters did not alone establish total dependence of this strongwilled woman upon the wishes of her daughter. Similarly, there was no evidence that the mother's signature on the deed had been forged or that it had been obtained by fraud. In short, appellants failed to prove that the deed was not the product of the mother's free will.

The order entering judgment in favor of appellee is affirmed.