**Joseph M. DELLACH and James E. Dellach, d/b/a J.D. Auto Body, Appellants,**

v.

**Chuck V. DeNINNO, Appellee,**

v.

**George M. Beatty, Appellee.**

Superior Court of Pennsylvania.

Argued June 22, 2004.

Filed Nov. 12, 2004.

Michael K. Parrish, Pittsburgh, for appellants.

Chuck V. DeNinno, appellee, Pro Se.

BEFORE: DEL SOLE, P.J., JOYCE

and CAVANAUGH,* JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order which dismissed Appellants' action to quiet title to a portion of land that was formerly part of a railroad right-of-way. We reverse and remand.

¶ 2 The facts and procedural history, as supported by the certified record, are as follows. In 1972, United Railroad Corporation abandoned a 66–foot–wide railroad right-of-way along the Plum Creek Branch of the Pennsylvania Railroad.[1] In May 1996, United Railroad Corporation, *et al.,* executed a quitclaim deed to Dennis John Brooks, purporting to convey this right-of-way. In November 2000, Appellee Chuck V. DeNinno obtained that quitclaim deed from Brooks. DeNinno began work along this right-of-way, including digging trenches and dumping bricks therein.

¶ 3 Appellants own an auto body shop. Their deed lists the right-of-way as one of the property's boundaries. The paved parking lot used by the body shop is within the boundaries of the disputed right-of-way. Appellants, DeNinno and other owners of the surrounding parcels also use an access road that transverses the right-of-way to reach their respective properties.

¶ 4 Appellants filed a complaint seeking to quiet title over the right-of-way in the Court of Common Pleas of Allegheny County. A preliminary injunction was subsequently issued, ordering Appellees to stop using Appellants' parking lot and limiting Appellees from working on the disputed area. A bench trial was held, following which the court issued an adjudication and decree *nisi* dissolving the preliminary injunction and dismissing the action to quiet title. A motion for post-trial relief was filed and denied. This timely appeal followed.

¶ 5 Appellants raise several issues for our review. However, we will only address the central issue concerning Appellants' claim of ownership to the right-of-way, as it was the only issue decided by the trial court.[2]

¶ 6 When reviewing a trial court's decision in a quiet title action, we must determine whether the court's findings are supported by competent evidence. *Corbin v. Cowan,* 716 A.2d 614, 617 (Pa.Super.1998). The trial court's decision will not be reversed absent an error of law or capricious disregard of the evidence. *Id.*

¶ 7 When a railroad abandons an easement, the right-of-way is extinguished and the land is owned in fee simple by the owner or owners of the land on either side of the right-of-way. *Newell Rod & Gun Club, Inc. v. Bauer,* 409 Pa.Super. 75, 597 A.2d 667, 669 n. 2 (1991) (citing *Fleck v. Universal–Cyclops Steel Corp.,* 397 Pa. 648, 156 A.2d 832 (1959)). At the time of abandonment of the right-of-way, the property bordering one side of the right-of-way was owned by Appellants' predecessors in title, George M. and Theodora

---

* Judge Cavanaugh did not participate in this decision.

1. The trial court specifically found the right-of-way abandoned. That finding is supported by two filings by the Penn Central Transportation Company with the Interstate Commerce Commission: one applying for abandonment of the right-of-way (which was granted) and a second one confirming that the right-of-way was abandoned as of July 10, 1972. Further, we note the tracks were removed from the right-of-way.

2. We note the trial court also cursorily dismissed Appellants' claim for adverse possession of the right-of-way. Our disposition renders resolution of this claim unnecessary.

Beatty.[3] Accordingly, at the time of the abandonment, the Beattys became owners in fee simple of the half of the right-of-way bordering their property.

¶ 8 The trial court found this much, but further found Appellants were not the rightful owners of half of the right-of-way because their deed did not include this parcel of land.[4] We disagree. As stated above, Appellants' deed listed the right-of-way as a boundary. Accordingly, the following law applies:

> It is well settled that a grant of land bounded by or abutting on a public highway is presumed to carry the fee to the center line of such highway or easement[.] A railroad is a highway within the meaning of this rule[.]

*Fleck,* 156 A.2d at 834 (citations omitted).

¶ 9 Accordingly, we find the 33–foot–wide portion of the abandoned 66–foot–wide right-of-way that borders Appellants' property is theirs in fee and that the trial court erred in dismissing the action to quiet title. We reverse the order and remand for any necessary related proceedings consistent with the holding of this opinion and for entry of an appropriate order.

¶ 10 Order reversed. Case remanded. Jurisdiction relinquished.

---

3. In 1978, the Beattys transferred their interest to Gary R. and Susan E. Meade, who transferred their interest to Appellants in 1987.

4. We note the trial court was silent about who the rightful owner of the right-of-way might be.